UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Curtis Owen Lux,<br><br>    Defendant | Case No.: 2:22-cr-00047-JAD-BNW-1<br><br>**Order Granting Motions for Early Termination of Supervised Release, for Leave to File Under Seal, and for Appointment of Counsel**<br><br>[ECF Nos. 4, 5, 6] |

Curtis Owen Lux moves for leave to file his financial affidavit under seal, for appointment of counsel, and for early termination of supervised release.[1] Because Lux has demonstrated his inability to afford an attorney, I grant his motions for appointment of counsel and for leave to file his affidavit under seal. And I grant his motion for early termination of supervised release because he meets the qualifying criteria.

**I.    Lux is entitled to a court-appointed attorney.**

District judges have discretion to appoint counsel for "any person financially unable to obtain adequate representation."[2] Eligibility for court-appointed counsel is determined by evaluating the person's financial affidavit under a deferential standard: "[a]ny doubts about a person's eligibility should be resolved in favor of eligibility."[3] Lux's financial affidavit

---

[1] ECF No. 4; ECF No. 5; ECF No. 6.

[2] L.C.R. 44-1 (citing the Plan for Administration of the Criminal Justice Act (CJA) of 1964, https://www.nvd.uscourts.gov/wp-content/uploads/2021/01/CJA-Plan-Revised-12-2020.pdf).

[3] The Plan for Administration of the CJA of 1964 at 7–8.

establishes that his monthly expenses are nearly equal to his monthly income.[4] This demonstrates Lux's inability to afford an attorney, so I grant his request to appoint counsel.

## II.  Lux's financial affidavit will remain sealed.

It is well-established that the Ninth Circuit "recognize[s] a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[5] "This right is justified by the interest of citizens in keeping a watchful eye on the workings of public agencies."[6] But "access to judicial records is not absolute."[7] Ordinarily, "[w]hen ruling on a motion to seal court records, the district court must balance the competing interests of the public and the party seeking to seal judicial records."[8] Courts in the Ninth Circuit and at least two other circuit courts have recognized that such a standard doesn't apply to financial affidavits like the one Lux filed here because they are administrative, not judicial, in nature.[9] I find that reasoning persuasive and adopt it here. Because Lux's affidavit is an administrative document that contains personal financial information that the public does not need access to, I grant his request for leave to file the affidavit under seal.

---

[4] ECF No. 7 (filed under seal).

[5] *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

[6] *Id.* (cleaned up).

[7] *Id.*

[8] *In re Midland Nat. Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (citing *Kamakana*, 447 F.3d at 1179).

[9] *See, e.g.*, *U.S. v. Lexin*, 434 F. Supp. 2d 836, 847–49 (S.D. Cal. 2006) (finding that because "[t]he documents containing the financial information of a [d]efendant requesting appointment of counsel that are submitted to the court are not related to the process of adjudicating whether defendants are guilty or innocent of the crimes on which they are charged," such documents "are not judicial documents" and are instead "administrative documents not subject to disclosure to the public or press."); *Morrison v. Dietz*, 2010 WL 395918, at *3 (N.D. Cal. Feb. 1, 2010). At least two circuit courts have concluded the same. *Boston Herald v. Connolly*, 321 F.3d 174 (1st Cir. 2003); *United States v. Gonzalez*, 150 F.3d 1246 (10th Cir. 1998).

### III. Lux is entitled to early termination of his supervised release.

Lux moves for early termination of supervised release, arguing that he has completed 19 months of supervision with no disciplinary issues and has career aspirations that require frequent travel.[10] Lux further notes that his probation officer, Briana Casey, will defer to this court for early termination.[11] The government does not oppose Lux's motion.[12]

District courts have "broad discretion in determining whether to grant a motion to terminate supervised release."[13] "After considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release" after the expiration of the first year of supervised release if the court "'is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'"[14] There exists a presumption in favor of early termination for a defendant who has been on supervised release for at least 18 months and meets the following criteria: the person (1) is not a career drug offender or career criminal and hasn't committed a sex offense or engaged in terrorism, (2) presents no identified risk of harm to the public, (3) hasn't committed any court-reported violations for 12 consecutive months, (4) demonstrates the ability to self-manage beyond the supervision period, (5) is in substantial compliance with his supervision conditions, and (6) "engages in appropriate prosocial

---

[10] ECF No. 5 at 3–4.

[11] *Id.* at 4.

[12] ECF No. 9.

[13] *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citing 18 U.S.C. 3583(e)(1); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006)).

[14] *Emmett*, 749 F.3d at 819 (quoting 18 U.S.C. § 3583(e)(1)).

activities and receives sufficient prosocial support" to conduct himself lawfully after supervision ends.[15]

Lux has been under supervision for 19 months.[16] Prior to his release, he served 60 months in prison for aiding and abetting the possession with intent to distribute methamphetamine.[17] Because he isn't classified as a career drug offender or career criminal and his crimes didn't include a sex offense or terrorism, he satisfies the first factor. Lux's compliance with the terms of his supervision for more than 19 months—while committing no court-reported violations—indicates that he does not present a danger to the public.

Lux has built a stable career, spends time with his children and wife, and has obtained a commercial driver's license in pursuit of a well-paying construction job.[18] Since his release, Lux has completed drug counseling and is currently receiving individual and marriage counseling.[19] These activities demonstrate his ability to self-manage while "not receiving any medical, educational, or vocational services through [p]robation."[20] And importantly, the government does not oppose terminating his supervision.[21] Because I find that Lux meets the criteria triggering the presumption in favor of terminating his supervised release, I grant his motion and order his supervision terminated.

---

[15] *Guide to the Judiciary Policy*, Volume 8E, Chapter 3, § 360.20(c) (available only to the federal judiciary at http://jnet.ao.dcn/Guide/Index.html).
[16] ECF No. 5 at 3.
[17] *Id*. at 1.
[18] *Id*. at 3.
[19] *Id.*
[20] *Id.*
[21] ECF No. 9.

**Conclusion**

IT IS THEREFORE ORDERED that Lux's motion for early termination of supervised release **[ECF No. 5] is GRANTED**. Lux's supervision is TERMINATED.

IT IS FURTHER ORDERED that Lux's motion for appointment of counsel **[ECF No. 4] is GRANTED *nunc pro tunc* to October 20, 2022**, and his motion for leave to file his affidavit under seal **[ECF No. 6] is also GRANTED**. The Clerk of Court is directed to MAINTAIN THE SEAL on docket entry ECF No. 6.

_____
U.S. District Judge Jennifer A. Dorsey
November 16, 2022